Roberts, J.
—The evidence of plaintiff below was deficient as to one item of his account, upon which the jury must have found in his favor, to wit, the item $360, paid by McKerrall to Rowe for Collier.
The plaintiff below, to avoid the force of the presumption arising from having given his note to Rowe, alleged in his amended petition that this item, with the others included in the account sued on, was left out of the settlement when the note was given, and was not included in the account stated between the parties at that time.
The evidence of the transaction is very unfavorable to the proof, that it was a loan from Collier to Rowe, as alleged. The transaction bore much more the appearance of the' payment of a debt from Collier to Rowe than of a loan. It is not shown that it was not a partnership transaction, which was included in, and accounted for, in some one of the large unexplained items embraced in the settlement when the note was given. This Collier undertook *256 to show. Having failed, indeed, to show what was the real nature of this transaction, and its disconnection with the matters involved in the settlement, the presumption arising from the giving of the note upon a settlement is left in full force as to this item; and, therefore, as to it, there is an entire deficiency of evidence to sustain the verdict. It is not a case of conflict of evidence in relation to this item, for there was no evidence tending to prove one material averment, which was, that this item was not embraced, in the settlement.
For this reason, a new trial should have been granted..
Judgment reversed and cause remanded.